**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOSEPH MASSEY, #107773**                                                            **PETITIONER**

**VS.**                                                        **CIVIL ACTION NO.: 1:12cv153-LG-JMR**

**STATE OF MISSISSIPPI and
JOHNNIE DENMARK**                                                           **RESPONDENT**

## REPORT & RECOMMENDATION

This matter is before this Court on the Respondent's Motion to Dismiss [8] pursuant to 28 U.S.C. § 2244(d). Having considered the Respondent's Motion, along with the entire record and the applicable law, this Court finds that the Motion to Dismiss should be granted and further recommends that the petition in this case should be dismissed.

## PROCEDURAL HISTORY

Petitioner, Joseph Massey [Massey], entered a plea agreement to a reduced charge of manslaughter in the Circuit Court of Harrison County, Mississippi, Second Judicial District, on October 11, 2004. [8-2.] Massey was sentenced to serve twenty (20) years in the custody of the Mississippi Department of Corrections. [8-3.] The Respondents argue that Massey's judgment became final on November 12, 2004, thirty (30) days after he was sentenced on the guilty plea, because there is no direct appeal available from a guilty plea under the statute. [8, p. 3.] That means that unless an application for post-conviction relief was filed by November 14, 2005, which would serve to toll the statute of limitations, any federal *habeas* petition filed past that date would be untimely. (*Id*.) No such pleadings were filed in state court. [8-4.]

## ANALYSIS

Under the "mailbox rule" a pro se *habeas* petition is deemed filed on the date that the petition was delivered to prison official for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *reh'g & reh'g en banc denied* 196 F.3d 1259, *and cert. denied* 529 U.S. 1057 (2000). Massey's petition was signed on May 7, 2012, and that is the earliest date that the petition can be considered as filed. [1, p. 15.]

A petitioner seeking federal *habeas* relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of direct review cannot conclude until the availability of direct appeal to the state courts and to the [U.S. Supreme Court] has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). "If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Massey did not seek direct review of his guilty plea. His judgment of conviction became final thirty days after he was sentenced on his guilty plea. MISS. R. APP. P. 4(a). The one year statute of limitations began running on November 12, 2004, and ended on November 14, 2005.

The one-year statute of limitations is tolled during the pendency of an "application for State post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2). Massey did not file an application for post-conviction or collateral review. Thus, the statute of limitations was not tolled at any time. *See*, *e.g.*, *Cantu-Tzin v. Johnson*, 162 F.3d 295, 298 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998).

Massey "filed" his *habeas* petition was the date it was signed, May 7, 2012. This date is well over 6 years past the November 14, 2005, deadline for filing his federal *habeas* petition. The Court finds that Massey's failure to file his petition within the statutory deadline warrants dismissal of his petition. Massey fails to cite any rare or exceptional circumstances which would allow him to benefit from equitable tolling. Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied* 529 U.S. 1099 (2000). There is no such evidence in this case. Accordingly, the Court finds that Massey's Petition is time-barred by § 2244(d), and recommends that the motion to dismiss be granted and further recommends that the petition be dismissed with prejudice.

## **CONCLUSION**

Massey's judgment became final on November 12, 2004, thirty (30) days after he was sentenced on his guilty plea. Massey had one year or until November 14, 2005, to file a federal petition for a writ of *habeas corpus*. At the earliest, Massey filed his federal *habeas* petition on May 7, 2012, well past the November 14, 2005, deadline. Furthermore, Massey did not properly file an application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before November 15, 2008, to toll the period of limitation. Thus, this Court finds that Massey is not entitled to either statutory or equitable tolling. It is the recommendation of this Court that the Motion to Dismiss [8] should be granted and that Massey's Petition for Writ of *Habeas Corpus* should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. §

2244(d).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than November 19, 2012, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THIS the 5th day of November, 2012.

s/ John M. Roper<br>
CHIEF UNITED STATES MAGISTRATE JUDGE